J-S07023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRANCE GARRIS | : | |
| | : | |
| Appellant | : | No. 3085 EDA 2018 |

Appeal from the PCRA Order Entered September 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011384-2007

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                    **FILED MARCH 12, 2020**

Appellant, Terrance Garris, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court opinion set forth the relevant facts of this appeal as follows:

> In response to numerous complaints, the Philadelphia Police Department's Narcotics Enforcement Team set up a narcotics surveillance at the Sunoco Gas Station at Oxford Avenue and Roosevelt Boulevard in Philadelphia on September 28, 2005, approximately at 9:00 p.m.  A male, William Ramos, driving a green Mazda, was observed pulling up to a gas pump, exiting the vehicle, and made a cell phone call.  Moments later, Appellant arrived on the scene in a blue Buick and parked nearby.  Appellant went into the store,

_____

[*] Retired Senior Judge assigned to the Superior Court.

made no purchase, exited and entered the passenger side of Ramos's vehicle. While Appellant was in the store, Ramos retrieved a backpack from his trunk, then returned to his driver's seat. After a few minutes the males drove to Appellant's car, whereupon [Appellant] exited with a white plastic bag and entered his vehicle.

The males drove off in their respective vehicles with officers following in pursuit of Appellant. When the officers activate[d] their lights and sirens, Appellant fled, ultimately jumped from the moving vehicle, and was later apprehended. As Appellant fled from the moving vehicle he was observed tossing the plastic bag, which was later recovered, that he carried from Ramos's car. Cocaine, marijuana, and $103.00 [were] confiscated from Appellant upon his arrest.

(PCRA Court Opinion, filed May 6, 2019, at 2) (internal citations and footnote omitted).

At trial, the Commonwealth presented testimony from Philadelphia Police Officer Cynthia Frye. Officer Frye, a member of the Narcotics Enforcement Team, participated in the surveillance operation on the night of Appellant's arrest. Officer Frye confirmed that Appellant entered Mr. Ramos' vehicle, exited with a white plastic bag, and drove off in his own vehicle. When the police attempted to stop Appellant, he did not pull over. Rather, Appellant "made a couple of sharp turns," before he "jumped out of the vehicle while it was still moving. His vehicle struck two parked cars." (N.T. Trial, 5/8/08, at 97).

Appellant testified in his own defense, indicating that he exited the convenience store and an unidentified male "asked me if I had a light." (N.T. Trial, 5/9/08, at 40). Appellant claimed he gave the man a light and drove

- 2 -

off. Appellant acknowledged that police vehicles pursued him; however, he indicated that he "turned and pulled over." (***Id.*** at 41). On cross-examination, Appellant stated that Officer Frye lied about witnessing him jump out of the vehicle. Appellant also denied causing an accident, claiming: "I stopped. It never crashed." (***Id.*** at 49).

Following Appellant's testimony, the Commonwealth asked to present a rebuttal witness. At that point, the court called a recess for the weekend. When trial continued, the Commonwealth called Joseph Purfield, a retired police officer who prepared the accident report ("the report") regarding the two parked cars struck by Appellant's vehicle. The Commonwealth also sought to introduce the report into evidence.

Defense counsel immediately objected, arguing the Commonwealth did not provide a copy of the report during discovery.[1] Defense counsel concluded that the Commonwealth's failure amounted to a violation of ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Nevertheless, the trial court overruled defense counsel's objection and permitted the Commonwealth to introduce the report and the testimony from Mr. Purfield.

On May 14, 2008, a jury found Appellant guilty of knowing or intentional possession of a controlled substance, possession with intent to deliver a

---

[1] The Commonwealth first faxed the report to defense counsel sometime during the trial recess that began on May 9, 2008. (***See*** N.T. Trial, 5/12/08, at 6).

controlled substance, and fleeing or attempting to elude police officers.[2]  On August 5, 2008, the court sentenced Appellant to an aggregate term of seven (7) to fourteen (14) years' imprisonment, followed by six (6) years' probation. This Court affirmed the judgment of sentence on November 30, 2009, and Appellant did not seek further review with our Supreme Court.

Appellant timely filed a *pro se* PCRA petition on January 25, 2010.  On July 12, 2011, the PCRA court reinstated Appellant's right to file a petition for allowance of appeal *nunc pro tunc*.  Appellant filed his petition for allowance of appeal *nunc pro tunc*, which our Supreme Court denied on December 19, 2012.

On December 31, 2012, Appellant filed the current *pro se* PCRA petition. The PCRA court appointed counsel, who filed a motion for leave to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  On April 20, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.

Prior to the entry of a dismissal order, privately retained counsel entered his appearance on Appellant's behalf.  The PCRA court continued the matter, and Appellant filed a counseled, amended petition on October 21, 2016.  In

---

[2] 35 P.S. § 780-113(a)(16), (30), and 75 Pa.C.S.A. § 3733(a), respectively.

the amended petition, Appellant challenged trial counsel's effectiveness for failing to request or receive the report prior to trial. Appellant also claimed that direct appeal counsel was ineffective for failing to raise any issues related to the Commonwealth's failure to provide the report during discovery. The PCRA court conducted evidentiary hearings on February 26, 2018 and July 24, 2018. Appellant, trial counsel, and direct appeal counsel testified at the hearings. On September 20, 2018, the court denied PCRA relief.

Appellant timely filed a notice of appeal on October 21, 2018.[3] On November 7, 2018, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on November 19, 2018.

Appellant raises two issues for our review:

> WHETHER THE COURT ERRED IN NOT GRANTING RELIEF ON THE PCRA PETITION ALLEGING [THE] COMMONWEALTH COMMITTED A ***BRADY*** VIOLATION.
>
> WHETHER THE COURT ERRED IN DENYING APPELLANT'S PCRA PETITION REGARDING TRIAL COUNSEL'S INEFFECTIVENESS.

(Appellant's Brief at 7).

_____

[3] Appellant's notice of appeal was technically due on October 20, 2018, which was a Saturday. ***See*** Pa.R.A.P. 903 (stating notice of appeal shall generally be filed within thirty days after entry of order from which appeal is taken). Accordingly, the notice of appeal Appellant electronically filed on Sunday, October 21, 2018 was timely. ***See*** 1 Pa.C.S.A. § 1908 (providing general guidelines for computation of time).

In his two issues, Appellant insists a prosecutor must disclose all material information, including impeachment evidence. Appellant argues the report constituted impeachment evidence, because it revealed a ten-minute discrepancy regarding what time the police encountered Appellant on the night at issue.[4] Appellant maintains the Commonwealth could have reasonably anticipated: 1) Appellant's decision to testify and dispute the officers' version of events; and 2) the necessity to rebut Appellant's potential testimony with the report. Under these circumstances, Appellant contends the Commonwealth was obligated to provide the report during discovery, and its failure to do so amounted to a *Brady* violation.

Regarding prior counsels' representation, Appellant claims trial counsel was ineffective for failing to request the report during discovery. Appellant asserts direct appeal counsel compounded trial counsel's error by failing to raise *Brady* issues on appeal. Based upon the foregoing, Appellant concludes the PCRA court erred by denying PCRA relief. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795

---

[4] At trial, Officer Frye stated that the criminal episode occurred around 9:00 p.m. (*See* N.T. Trial, 5/8/08, at 90). The report lists the time of the accident as 8:50 p.m. (*See* Commonwealth's PCRA Ex. C-2).

(2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012).

Pennsylvania law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Williams, supra**.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." **Commonwealth v. Pierce**, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting **Commonwealth v. Geathers**, 847 A.2d 730, 733 (Pa.Super. 2004)).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"Under *Brady* and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature." *Commonwealth v. Roney*, 622 Pa. 1, 22, 79 A.3d 595, 607 (2013), *cert. denied*, 574 U.S. 829, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014). "To establish a *Brady* violation, an appellant must prove three elements: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Id.*

Instantly, the PCRA court determined the report was not material:

> Here, the Commonwealth's failure to produce the report neither enticed Appellant's testimony nor "baited" him to lie. All of [the] discovery referenced an accident, and was supported by the testimony of the officers at trial. Appellant was on notice that the evidence established that he fled from police, jumped from his moving vehicle, and that an accident occurred.

(PCRA Court Opinion at 7) (internal citation omitted).

Additionally, we emphasize Officer Frye's testimony that the criminal episode occurred "around" or "at approximately" 9:00 p.m. (**See** N.T. Trial, 5/8/08, at 90, 91, 125). Because the officer did not provide an exact time for the incident, we cannot say that a discrepancy actually existed between her testimony and the time listed in the report. Therefore, the report did not amount to impeachment evidence under **Brady**, and prior counsel cannot be deemed ineffective on the grounds alleged by Appellant. **See Roney, supra**; **Poplawski, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/20